Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2850 | **DATE** | 3/4/2002 |
| **CASE TITLE** | Jeffrey Horan, et al vs. City of Chicago | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 3/29/2002 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Defendant City of Chicago's motion for partial summary judgment is granted in part and denied in part. (26-1) Defendant's motion to strike is denied as moot. (67-1) On or before March 18, 2002, the parties are directed to meet and confer to ascertain the claims that remain to be determined and to develop a trial plan. The parties are to file a joint written submission setting forth the results of this process on or before March 25, 2002, including an estimate of the length of trial.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR - 5 2002 | |
| | Notified counsel by telephone. | | date docketed | 72 |
| ✓ | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| TP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR - 5 2002

| | |
|---|---|
| JEFFREY HORAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 98 C 2850 |
| ) | |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs, individual Chicago firefighters and Chicago Fire Fighters Union Local No. 2, bring this action against the City of Chicago alleging that the Chicago Fire Department ("CFD") has engaged in discriminatory promotional practices in violation of 42 U.S.C. §§ 1981 and 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The case is before the Court on the CFD's motion for summary judgment on Counts 2, 5, 8, 10, and 12 of plaintiffs' fourth amended complaint and for summary judgment on certain firefighters' claims.

### Factual Background

It is undisputed that the CFD historically had a tradition of discriminating against African-American and Hispanic firefighter candidates. In response to this discrimination, in the late 1980s, the CFD implemented affirmative action policies designed to remediate the lingering effects of this discrimination. Plaintiffs are white firefighters who complain that they were passed over for promotions to which they were entitled as a result of affirmative action

72

promotions of African-American and Hispanic firefighters. Plaintiff Chicago Fire Fighters Union Local No. 2 is the labor organization that represents certain uniformed personnel of the CFD, including firefighters, engineers, lieutenants, captains, and battalion chiefs.

At issue in the City's motion is the CFD's use of "banding" to score test results on five examinations: the 1997 fire engineer examination; the 1993 lieutenant examination; the 1999 lieutenant examination; the 1998 captain examination; and the 1994 battalion chief examination. Banding involves treating all scores that fall within a particular "band" as the same. For example, if scores of 98 and 95 both fell within band "A," the scores would be deemed identical. For each examination in question, the CFD made or is making minority promotions from the eligibility lists at a ratio of 20% over the African-American and Hispanic composition of the rank eligible for promotion, so long as any promotions made out of rank order go to candidates who received the same "band" score as the top scoring candidate on the promotion order.

The CFD filed for summary judgment on Counts 2 (challenging banding on the 1993 lieutenant examination), 5 (challenging banding on the 1994 battalion chief examination), 8 (challenging banding on the 1997 engineer examination), 10 (challenging banding on the 1998 captain examination), and 12 (challenging banding on the 1999 lieutenant examination) on the basis that the banding procedure used by the CFD on its examinations passes constitutional muster as a matter of law. The City further argues that certain firefighters' claims are barred by the doctrines of claim preclusion or issue preclusion, or by the applicable statutes of limitations.

**Discussion**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, a court must construe all facts and draw all reasonable and justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

I.   *The CFD's Banding Procedure*

In Counts 2, 5, 8, 10, and 12, plaintiffs contend that the banding technique used by the CFD, which they argue manipulates the scores of minorities on promotional examinations, constitutes prohibited "race norming." In response, the City argues that the technique is legal, as determined by Judge Holderman and the Seventh Circuit in the case of *Chicago Firefighters Local 2 v. City of Chicago*. We agree. In *Chicago Firefighters*, Judge Holderman examined the banding process used by the City in the context of the CFD's 1985 engineer exam, 1987 captain exam, 1989 battalion chief exam, 1991 captain exam, 1993 lieutenant exam, and 1994 engineer exam. *Chicago Firefighters*, Case Nos. 87 C 7295, 89 C 7984, 93 C 5438, 93 C 6175, 96 C 808 (Cons.), 1999 WL 1289125 (N.D. Ill. Dec. 30, 1999). After thorough analysis of the banding process – which is undisputedly the same process challenged here – Judge Holderman concluded that "[t]he City carefully and conservatively established and used banding in the appropriate way" and that the "City's use of banding in making the CFD decisions to promote eligible candidates from the list ... did not violate 42 U.S.C. § 2000e-2(1)." *Id.* at 85. The Seventh Circuit affirmed, holding in part that the banding approach used by the CFD for scoring

promotional tests was not "race norming per se," but rather a "universal and normally an unquestioned method of simplifying scoring by eliminating meaningless gradations." *Chicago Firefighters Local 2 v. City of Chicago*, 249 F.3d 649, 656 (7th Cir. 2001).

In an effort to avoid the holding in *Chicago Firefighters*, plaintiffs first cite the Seventh Circuit's statement that "[w]e have no doubt that if banding were adopted in order to make lower black scores seem higher, it would indeed be a form of race norming, and therefore forbidden." *Id.* at 656. Plaintiffs argue that they intend to prove just that: *i.e.*, that the test score banding used by the CFD is indeed designed to make lower minority scores seem higher. Plaintiffs' Opposition Br. at 2. But the court's comment was nothing more than a recognition that if a different banding process were adopted in order to make lower scores of minority candidates seem higher, that process could constitute prohibited race norming. A common-sense reading of the Seventh Circuit's opinion as a whole makes clear that the court affirmed Judge Holderman's approval of the CFD's banding process – the same process at issue in this case. The court's decision is controlling precedent in this Circuit, which we are bound to follow.

Plaintiffs further argue, citing *Planned Parenthood v. Casey*, 505 U.S. 833, 854-55 (1992), that "changed facts" can rob an earlier decision of its precedential value. Plaintiffs' Opposition Br. at 2. However, plaintiffs point to no facts that have changed with the banding process since the *Chicago Firefighters* decision; in essence, they rehash old arguments in an effort to show that the district court's and Seventh Circuit's decisions about banding were wrong in the first instance. These arguments in no way undermine the precedential value of *Chicago Firefighters*. Accordingly, the Court grants the City's motion for summary judgment on Counts 2, 5, 8, 10, 12.

## II. *Res Judicata and Collateral Estoppel*

The City next argues that the claims of the individual plaintiffs who (1) took the 1993 lieutenant exam and the 1994 engineer exam and (2) maintain they should have been promoted on or before March 1, 1997 are barred either by the doctrines of claim preclusion or issue preclusion by virtue of the rulings in the *Chicago Firefighters* case.

The doctrine of claim preclusion bars a claim when there is: (1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits. *People Who Care v. Rockford Board of Education*, 68 F.3d 172, 177 (7th Cir. 1995). Plaintiffs argue that element (2) is lacking with respect to the plaintiffs who claim they should have been promoted on March 1, 1997 (although they do not appear to dispute CFD's argument to the extent it applies to firefighters who claim they should have been promoted on or before January 1, 1997). According to plaintiffs, the *Chicago Firefighters* case involved only claims for promotions that were supposed to have occurred on or prior to January 1, 1997. Plaintiffs thus assert that "[s]ince there was no plaintiff making a claim that he was passed-over for a ... promotion on March 1, 1997, Judge Holderman did not decide the propriety of the non-rank-order promotions that were made on that day." Plaintiffs' Opposition Br. at 5.

An identity of causes of action exists if the plaintiffs' claims are "based on the same facts and raise[s] the same issues as the cause of action" in *Chicago Firefighters*. *See People Who Care*, 68 F.3d at 177-78. This is the case with respect to the plaintiffs who claim they were entitled to promotion on March 1, 1997. The district court's decision addressed the March, 1997 promotions. Judge Holderman made numerous references to promotions for both the lieutenant and engineer positions made on March 1, 1997 as part of his analysis of whether

-5-

the CFD's affirmative action plan was narrowly tailored and did not violate the Constitution. *See Chicago Firefighters*, 1999 WL 1289125, at *81 (considering promotions from the 1993 lieutenant exam made through March 1, 1997, and concluding that the CFD's plan did not violate the constitution); *83 (applying the appropriate analysis for evaluating "affirmative action promotions as of March 1, 1997 from the 1994 fire engineer examination," and concluding that the CFD met its constitutional burden).

Accordingly, all the elements of claim preclusion have been met: (1) there was undisputedly a final judgment on the merits in *Chicago Firefighters*; (2) there exists an identity of actions; and (3) there exists an identity of parties via plaintiffs' membership in Union Local No. 2. *See Meza v. General Battery Corporation*, 908 F.2d 1262, 1268 (5th Cir. 1990) ("Federal courts have long recognized that individual members of labor unions and other unincorporated associations can be bound by judgments in suits brought by the union or association in their representative capacity"); *Majeske v. City of Chicago*, No. 89 C 7262, 1998 WL 312016 (N.D. Ill. 1998) (plaintiffs were in privity with their union).[1] Therefore, the claims of all plaintiffs who took the 1993 lieutenant examination and the 1994 engineer exam and assert that they should have been promoted on or before March 1, 1997 are barred by the doctrine of claim preclusion.[2]

---

[1] The individual plaintiffs do not dispute that they are in privity with Local No. 2 via their membership in the Union.

[2] These plaintiffs include: A. Bigott, P. Blake, W. Block, L. Brackin, R. Ciessau, P. Cleary, J. Coffman, G. Conrad, M. Conroy, R. Cullen, M. Czerwionka, Z. Durovic, D. Ferguson, L. Flynn, R. Gahagan, M. Gaughan, W. Gayda, D. Gibson, M. Gulliford, P. Hannon, G. Howell, M. Kelly, R. Koranda, G. Kurcab, A. Lamm, D. Leigh, Jr., T. Lein, W. Malone, F. McCann, T. McShane, T. Miller, T. Misiewicz, R. Moravek, P. Murphy, C. O'Connor, T. Pepper, P. Prestia, K. Pro, M. Rodriquez, T. Sampey, J. Spencer, P. Sperindeo, J. Steucklen, E. Toomey, W. Toman, and R. Walz.

III. *Statute of Limitations*

The City finally argues that the § 1981 and § 1983 claims of certain plaintiffs are time barred.[3] The applicable statute of limitations for claims brought under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 is two years, and the statute begins to run when the plaintiff knows or should have known his rights have been violated. *See, e.g., Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Smith v. City of Chicago Heights*, 951 F.2d 834, 837 (7th Cir. 1992).

As an initial matter, plaintiffs do not dispute that the claims of Cleary, Durovic, Malnarick, Steucklen, Wisniewski, and Yankowski are untimely. Defendant is entitled to summary judgment on these individuals' claims (to the extent their claims were not foreclosed by our other rulings). Of the remaining individuals, five (Charoenrath, Imparato, Isa, Mowen, and Sullivan) allege they were passed over for promotion on February 1, 1998, and the sixth (Graves) alleges he was passed over on January 29, 1998. City's Statement of Undisputed Facts, ¶¶ 75, 78, 79, 80, 82, 84.

The Court granted plaintiffs' motion to amend their complaint to add these individuals as plaintiffs on February 4, 2000, a date outside the statue of limitations. Plaintiffs argue, however, that their motion for leave to amend, along with the proposed complaint, was on file on January 26, 2000 (before the statute had run), and that the statute of limitations was tolled while the motion is pending. The Court agrees. The City's motion for summary judgment on statute of limitations grounds is denied as to plaintiffs Charoenrath, Imparato, Isa, Mowen, Sullivan and Graves. *See Moore v. State of Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993) ("As a

---

[3] These plaintiffs include M. Charoenrath, P. Cleary, Z. Durovic, W. Graves, A. Imparato, F. Isa, B. Malnarick, M. Mowen, J. Steucklen, D. Sullivan, S. Wisniewski, and L. Yankowski.

party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend ... tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion.")

**Conclusion**

Defendant City of Chicago's motion for partial summary judgment (docket item # 26) is granted in part and denied in part as outlined above. Defendant's motion to strike (docket item # 67) is denied as moot. On or before March 18, 2002, the parties are directed to meet and confer to ascertain the claims that remain to be determined and to develop a trial plan. The parties are to file a joint written submission setting forth the results of this process on or before March 25, 2002, including an estimate of the length of trial. The case is set for a status hearing on March 29, 2002 at 9:30 a.m. Trial counsel are directed to appear.

Dated: March 4, 2002

MATTHEW F. KENNELLY
United States District Judge